## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JENNIFER CARLSON,

     Plaintiff,

    Case No.

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, JPMORGAN
CHASE BANK, N.A., and CAPITAL
ONE, N.A.,

     Defendant.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, JENNIFER CARLSON, (hereinafter "Plaintiff"), by

and through her undersigned counsel, for her cause of action against Defendants,

EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN

INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION

LLC (hereinafter "Trans Union"), JPMORGAN CHASE BANK, N.A. (hereinafter

"Chase Bank"), and CAPITAL ONE, N.A. (hereinafter "Capital One") (hereinafter

collectively "Defendants"), and in support thereof respectfully alleges violations of

the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively the "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Worcester County in the State of Massachusetts. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

4

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Chase Bank is a corporation with its principal place of business in the State of Ohio and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

20.     Chase Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Chase Bank furnished information about Plaintiff to the CRAs that was inaccurate.

22.     Capital One is an FDIC insured national bank headquartered at 1680 Capital One Drive, McLean, Virginia 22102 that conducts business in the State of Georgia.

23.     Capital One is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.     Capital One furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

25.     Plaintiff has a credit account with Chase Bank for a credit card, account number ending in x1978 (hereinafter "Chase Account"), to which Plaintiff made timely payments.

26.     Plaintiff has a credit account with Capital One for a credit card, account number ending in x6250 (hereinafter "Capital One Account"), to which Plaintiff made timely payments.

27.     In or about March 2020, Plaintiff was informed by her employer, HMEA, that they would be closed indefinitely due to the COVID-19 Pandemic.

28.     Knowing she would no longer have a steady income, shortly thereafter, Plaintiff contacted Chase Bank and Capital One to make payment arrangements.

29.     On or about March 10, 2020, Plaintiff enrolled with Cambridge Credit Counseling Corporation to assist with making payments to Capital One every month in the amount of $82.35 until the balance of the Capitol One Account was zero.

30.     On or about April 10, 2020, Plaintiff enrolled in payment assistance with Chase Bank which removed the minimum payment requirement for at least three (3) months, and Plaintiff also set up with Chase Bank automatic withdrawals every month in the amount of $273.

31.     In or about October 2021, without Plaintiff's direction and without notice, Chase Bank ceased taking automatic withdrawals of the $273 payment. However, as soon as she became aware of this error, Plaintiff contacted Chase Bank to have it corrected.

32.     In or about late 2023, Plaintiff and her husband decided to purchase a home, and during the pre-approval process with their lender, Plaintiff became aware of negative items in her credit file.

33.     Upon review of her credit reports, Plaintiff observed that the Chase Account was being reported as 30 days past due in March 2020, April 2020, May 2020, June 2020, July 2020, August 2020, and October 2021. Further, Plaintiff observed the Capital One Account was being reported as 30 days past due in April 2020, May 2020, and June 2020.  Chase nor Capital One should have been reported late.

34.     In or about November 2023, Plaintiff contacted Equifax and Experian to dispute the erroneous reporting of the Chase Account and Capitol One Account and that all payments were timely and should not be reported as late.

35.     Plaintiff did not receive dispute results from Equifax or Experian.

36.     On or about December 1, 2023, Plaintiff obtained copies of her Experian and Trans Union credit reports. Upon review, Plaintiff observed the Chase

Account continued to be reported with the erroneous and inaccurate late payments in March 2020, April 2020, May 2020, June 2020, July 2020, August 2020, and October 2021. Further, Plaintiff observed the Capital One Account continued to be reported with the erroneous and inaccurate late payments in April 2020, May 2020, and June 2020.

37.     Further, upon review of her Experian credit report on December 1, 2023, Plaintiff observed comments on the Chase Account which indicated the account was previously in dispute and verified as accurate. Additionally, Plaintiff observed comments on the Capital One Account which indicated the account was previously in dispute and verified as accurate.

38.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

39.     Experian never attempted to contact Plaintiff during the alleged investigation.

40.     Upon information and belief, Experian notified Chase Bank of Plaintiff's dispute. However, Chase Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

41.    Upon information and belief, Experian notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

42.    On or about December 2, 2023, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 231202-12641099.

43.    In the CFPB report, Plaintiff detailed the fact that the Chase Account and Capital One Account were being reported with erroneous and inaccurate past due payments, and she requested an investigation into the inaccurate reporting.

44.    Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, Experian, and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

45.    Upon information and belief, Equifax, Experian, and Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous and inaccurate past due payments on her credit report.

46.    On or about December 9, 2023, Equifax responded to Plaintiff's dispute by stating it had updated and corrected her address, employer, and name. Further, Equifax stated it required more specific information to investigate her disputes of

the Chase Account and Capital One Account. Equifax violated the FCRA by imposing non-exisitng burdens on Plaintiff, despite Plaintiff already having provided the requested information.  Equifax also provided Plaintiff a copy of her Equifax credit report. Upon review, Plaintiff observed the Chase Account continued to report late payments in February 2020, March 2020, April 2020, May 2020, June 2020, July 2020, August 2020, and October 2021 and included a comment which stated, "reinvestigation in process". Additionally, Plaintiff observed the Capital One Account continued to report late payments in March 2020, April 2020, May 2020, and June 2020 and included a comment which stated, "consumer disputes after resolution".

47.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

48.    Equifax never attempted to contact Plaintiff during the alleged investigation.

49.    Upon information and belief, Equifax notified Chase Bank of Plaintiff's dispute. However, Chase Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

50.     Upon information and belief, Equifax notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

51.     In response to the inaccurate reporting, on or about December 19, 2023, Plaintiff mailed written dispute letters to Equifax, Experian, and Trans Union. In the dispute letter, Plaintiff advised the Chase Account and Capital One Account should not reflect any late payments. Plaintiff advised that she had made payment arrangements and timely payments with Chase Bank and Capital One, the payment dates fell under the CARES Act, and as such the payments should not be reported as past due. To confirm her identity, a copy of her driver's license and Social Security card was included in the letter. Also, in this letter, Plaintiff provided images of the erroneous credit reporting, images of documents regarding the payment arrangements, images of the filed CFPB complaint, and other supporting documents.

52.     Plaintiff mailed her detailed written dispute letter via USPS Certified Mail to Equifax (7021 2720 0003 2890 4687), Experian (7021 2720 0003 2890 4663), and Trans Union (7021 2720 0003 2890 4670).

53.     On or about December 29, 2023, Equifax responded to Plaintiff's detailed dispute letter by stating it received Plaintiff's request but required Plaintiff

to provide additional personal identifying information, despite Plaintiff having included images of her driver's license and Social Security card.

54.

55.    Equifax failed to do any independent investigation into Plaintiff's disputes, and only requested for Plaintiff to provide documents to prove her identification, even though she did so in her dispute letter that was mailed to Equifax.

56.    Equifax never attempted to contact Plaintiff during the alleged investigation.

57.    On or about January 9, 2024, Experian responded to Plaintiff's detailed written dispute letter by stating that the Chase Account and Capital One Account were updated and would continue to be reported on her Experian credit file .

58.    Despite providing Experian with all the relevant information needed to prove the Chase Account and Capital One Account were inaccurate, Experian continued to report the inaccurate account information.

59.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

60.    Experian never attempted to contact Plaintiff during the alleged investigation.

61.     Upon information and belief, Experian notified Chase Bank of Plaintiff's dispute. However, Chase Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

62.     Upon information and belief, Experian notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

63.     On or about January 15, 2024, Trans Union responded to Plaintiff's detailed written dispute letter by stating that the Chase Account and Capital One Account were verified as accurate.

64.     Despite providing Trans Union with all the relevant information needed to prove the Chase Account and Capital One Account were inaccurate, Trans Union continued to report the inaccurate account information.

65.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

66.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

67.     Upon information and belief, Trans Union notified Chase Bank of Plaintiff's dispute. However, Chase Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

68.     Upon information and belief, Trans Union notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

69.     On or about January 20, 2024, Plaintiff obtained updated copies of her credit reports. Upon review, Plaintiff observed the Chase Account continued to be reported with the erroneous and inaccurate late payments in February 2020, March 2020, April 2020, May 2020, June 2020, July 2020, August 2020, and October 2021. Further, the Capital One Account continued to be reported with the erroneous and inaccurate late payments February 2020, March 2020, April 2020, and May 2020.

70.     Despite providing the CRAs with all the relevant information needed to prove the Chase Account and Capital One Account should be reported with all timely payments, the CRAs continued to report the disputed Chase Account and Capital One Account inaccurately. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

71.     As of the filing of this Complaint, the CRAs continue to report negative information on Plaintiff's credit report regarding the Chase Account and Capital One Account.

72.     Defendants have never attempted to contact Plaintiff about any of her multiple disputes, and she continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation.

73.     As a result of the inaccurate reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Loss of the ability to benefit from lower interest rates;

    v.    Apprehensiveness to apply for new credit, such as a mortgage due to the fear of rejection; and

vi.   Defamation as Defendants published inaccurate information to third

party entities.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

74.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

75.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

76.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

77.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

78.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

79.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

80.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

81.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

82.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

83.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

84.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

85.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT III
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Negligent)

86.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

87.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

88.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

89.     Plaintiff provided Equifax with the information it needed to confirm that the Chase Account and Capital One Account should both reflect all timely payments, including but not limited to documents confirming payment plan arrangements and relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's disputes.

19

90.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

91.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

92.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

93.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

94.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

95.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

96.    Plaintiff provided Equifax with the information it needed to confirm that the Chase Account and Capital One Account should both reflect all timely payments, including but not limited to documents confirming payment plan arrangements and relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's disputes.

97.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

98.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

99.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

100.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

101.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

102.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

103.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION

SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

106.  Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

107.  Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.  Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

109.  As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

110.   The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

111.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

112.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

113.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

114.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

115.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

116.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

117.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

118. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

119. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

120. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

121.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

122.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

123.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to

**Defendant, Trans Union LLC (Negligent)**

124.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

125.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

126.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

127.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

129.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

131.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

132.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

133.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

135.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

136.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (7673 above as if fully stated herein.

137.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

138.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

139.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

140.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

141.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

142.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

143.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

144.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

145.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

146.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

147.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, JPMorgan Chase Bank, N.A. (Negligent)

148.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

149.   Chase Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

150.   After receiving Plaintiff's disputes, Chase Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the Chase Account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

151.   Plaintiff provided all the relevant information and documents necessary for Chase Bank to have identified that the monthly payment statuses were inaccurate.

152.   Chase Bank knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

153.   Chase Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

154.   As a direct result of this conduct, action, and/or inaction of Chase Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

155.   The conduct, action, and inaction of Chase Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

156.   Plaintiff is entitled to recover costs and attorney's fees from Chase Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual damages against Defendant, JPMORGAN CHASE BANK, N.A., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to

36

**Defendant, JPMorgan Chase Bank, N.A. (Willful)**

157.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

158.   Chase Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

159.   After receiving Plaintiff's disputes, Chase Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the Chase Account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

160.   Plaintiff provided all the relevant information and documents necessary for Chase Bank to have identified that the payment statuses were inaccurate.

161.   Chase Bank knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

162.   Chase Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

163.   As a direct result of this conduct, action, and/or inaction of Chase Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

164.   The conduct, action, and inaction of Chase Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

165.   Plaintiff is entitled to recover costs and attorney's fees from Chase Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, JPMORGAN CHASE BANK, N.A., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Capital One, N.A. (Negligent)

166.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

167.   Capital One furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

168.   After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the Capital One Account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

169.   Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the monthly payment statuses were inaccurate.

170.   Capital One knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

171.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

172.   As a direct result of this conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

173.   The conduct, action, and inaction of Capital One was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

174.   Plaintiff is entitled to recover costs and attorney's fees from Capital One in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual damages against Defendant, CAPITAL ONE, N.A., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Capital One, N.A. (Willful)

175.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

176.   Capital One furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

177.   After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the Capital One Account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

178.   Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the payment statuses were inaccurate.

179.   Capital One knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

180.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

181.   As a direct result of this conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

182.   The conduct, action, and inaction of Capital One was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

183.   Plaintiff is entitled to recover costs and attorney's fees from Capital One in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CAPITAL ONE, N.A., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNIFER CARLSON, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC,

JPMORGAN CHASE BANK, N.A., and CAPITAL ONE, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of January 2024.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*